UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

ANTHONY WOODEN,

                              Plaintiff,

    -against-

COMMISSIONER OF SOCIAL SECURITY,

                              Defendant.

-----------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: Feb. 12, 2021

19-CV-08074 (SN)

**OPINION & ORDER**

SARAH NETBURN, United States Magistrate Judge:

Plaintiff Anthony Wooden seeks review of the decision of the Commissioner of the Social Security Administration ("SSA") denying his claim for Disability Insurance Benefits under the Social Security Act (the "Act"). The parties cross-move for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). ECF Nos. 18 & 19. These motions present the question whether a plaintiff forfeits a challenge brought under the Appointments Clause of the United States Constitution if he fails to raise it at the administrative level. I find that Wooden was not required to exhaust his Appointments Clause challenge and that the ALJ that heard his case was not properly appointed. Therefore, Wooden's motion is GRANTED and the matter is remanded for a new hearing before a different ALJ. The Commissioner's motion is DENIED.

## BACKGROUND

### I.  Wooden's Disability Application

On June 7, 2016, Wooden filed an application for Title II Disability Insurance Benefits. Administrative Record ("R.") at 10, 168. He alleged that he was disabled as of August 28, 2015, as the result of his gout, kidney stones, stomach swelling, memory loss, a herniated disc in his

lower back, swollen knees, high blood pressure, and an enlarged prostate. R. at 168, 196. The SSA denied his claim on August 9, 2016. R. at 82.

## II. The ALJ's Decision

Wooden requested and received a hearing before ALJ Sharda Singh on April 20, 2018. R. at 40–72. The ALJ issued an unfavorable decision on August 6, 2018. R. at 10–21. She found that Wooden met the insured status requirement from the date of his application through December 31, 2020. R. at 12. She also found that Wooden had not engaged in substantial gainful activity since the date of his application. Id. Despite finding that Wooden suffered from severe impairments due to right and left knee injuries, osteoarthritis, lumbar spondylosis, radiculopathy, and obesity, the ALJ determined that none of his impairments or combination of impairments met or equaled the severity of one of the impairments listed under the applicable regulations. R. 12–13. Furthermore, she determined that Wooden had the residual functional capacity to perform light work, including that he could occasionally climb ramps and stairs, stoop, kneel, crouch, and crawl, but never climb ladders, ropes, or scaffolds. R. at 13. Because she found that his residual functional capacity enabled him to perform his past work as a sales representative, the ALJ determined that Wooden was not disabled and not entitled to benefits. R. at 20. The ALJ's decision became the final decision of the Commissioner on May 22, 2019, when the Appeals Council denied Wooden's request for review. R. at 1.

## III. Wooden's Civil Case

On July 18, 2019, Wooden timely filed this action, appealing the decision. Wooden argues that the ALJ's decision was not supported by substantial evidence and failed to give proper weight to evidence from Wooden's treating physician. See ECF No. 19 at 9–15. He also argued that the ALJ that heard his case was not properly appointed, in violation of the

Appointments Clause and as such, his case should be remanded for a hearing before a different, properly appointed ALJ. See ECF No. 19 at 15–20. The Commissioner cross-moved for judgement on the pleadings, arguing that the ALJ's decision was supported by substantial evidence, and that Wooden's Appointments Clause challenge was forfeited because it was not raised during his administrative proceedings. See ECF No. 21 at 15–20, 21–25.

**LEGAL BACKGROUND**

Wooden raises two alternative arguments against the ALJ's decision. He first challenges the decision on the merits; and second, he challenges the ALJ's authority. Because the case must be remanded if his Appointments Clause challenge is successful—regardless of whether the ALJ's decision was supported by substantial evidence—it is taken up first. See, e.g., Montes v. Saul, No. 19-cv-03039 (DF), 2020 WL 6875301, at *3 (S.D.N.Y. Nov. 23, 2020) ("it is appropriate that the Court address [the Appointments Clause] issue as a threshold matter").

**I.     The Appointments Clause Claim**

The Constitution provides that Congress may vest the appointment of "inferior officers" in "the President alone, in the Courts of Law, or in the Heads of Departments." U.S. Const., art. II, § 2, cl. 2. The Supreme Court recently held that ALJs in the Securities and Exchange Commission exercised "significant discretion" in carrying out "important functions" and were therefore inferior officers under the Appointments Clause who must be appointed by the President, the courts, or a head of government. Lucia v. S.E.C., 138 S. Ct. 2044, 2047–48 (2018) (quoting Freytag v. Comm'r of the Internal Revenue Serv., 501 U.S. 868, 878 (1991)). Because the ALJs of the SEC were not so appointed, the petitioner was entitled to a new hearing before a properly appointed ALJ. Id. Furthermore, the Court held that any new hearing following a successful Appointments Clause challenge must take place before a *different* ALJ, even if the

original ALJ had since been properly appointed, noting that the ALJ who had already "issued an initial decision . . . . cannot be expected to consider the matter as though he had not adjudicated it before." Id.

In response to Lucia and an Executive Order concluding that "at least some—and perhaps all—ALJs are 'Officers of the United States' and thus subject to the Constitution's Appointments Clause," the Acting SSA Commissioner issued an emergency message stating that the appointments of all SSA ALJs were reappointed by her.[1] See Excepting Administrative Law Judges from the Competitive Service, 83 Fed. Reg. 32755, 2018 WL 3388912 (July 13, 2018). This successfully curtailed future Appointments Clause challenges, but "many cases [were] already in the pipeline." Etta Marie M. v. Saul, No. 18-cv-50419 (LAJ), 2020 WL 3448042, at *1 (N.D. Ill. June 24, 2020). Wooden's is one of those "pipeline" cases.

## II. Agency Exhaustion

The issue of agency exhaustion for an Appointments Clause challenge was addressed by the Court in Freytag v. Comm'r of the Internal Revenue Serv., 501 U.S. 868 (1991). There, the Commissioner argued that the petitioners waived their right to challenge the constitutionality of the appointment of a special trial judge by not only failing to raise a timely objection but, in fact, consenting to the assignment. Id. at 878. The Supreme Court rejected this argument, finding that the important "structural and political" guardrails embodied in the Appointments Clause create the "rare case" where the Court must exercise its discretion to hear unexhausted claims. Id. at

---

[1] Acting SSA Commissioner Nancy Berryhill issued "Emergency Message 18003 REV 2 – Important Information Regarding Possible Challenges to the Appointment of Administrative Law Judges in SSA's Administrative Process" on July 16, 2018, ratifying the appointment of all SSA ALJs as her own.

879; see also id. (recognizing "the strong interest of the federal judiciary in maintaining the constitutional plan of separation of powers") (internal citations omitted).[2]

Nearly a decade later, the Court considered a question of agency exhaustion in the context of social security claims. See Sims v. Apfel, 530 U.S. 103 (2000) (plurality opinion). The question presented there was whether a claimant must exhaust issues before the SSA's Appeals Council to obtain judicial review. The Court held that a claimant was not required to raise to the Appeals Council those challenges for which the claimant would later seek judicial review. Id. at 112. The Court noted that the Act did not require issue exhaustion in Appeals Council proceedings, and that the reasons for judicially-imposed issue exhaustion were absent, specifically noting the non-adversarial nature of SSA proceedings. Id. at 110-12. The Court also noted that the Appeals Council could review an ALJ's decision even if the claimant did not request review, and that the wording of the form a claimant must fill out to request an appeal "strongly suggests that the Council does not depend much, if at all, on claimants to identify issues for review." Id. at 112.

Accordingly, Sims holds that SSA claimants do not waive issues by failing to raise them at the Appeals Council level.[3] The Court did not address whether a claimant needed to exhaust all issues before the ALJ before seeking judicial review.

---

[2] Justice Scalia, joined by three other justices, concurred in the judgment. These justices would hold that the Petitioners forfeited their Appointments Clause claim. Justice Scalia broadly rejected the notation that Appointment Clause challenges specifically, and "other structural constitutional claims" more generally, have "special entitlement to review." Id. at 893-94 (Scalia, J., concurring in part and concurring in the judgment).

[3] The Sims decision was the result of a split opinion, with no single rationale for why exhaustion was not required prevailing across five justices. Four Justices agreed that exhaustion was not required because the analogy between the SSA's administrative proceedings and judicial proceedings was especially weak, given their non-adversarial nature. See 530 U.S. at 109. Justice O'Connor filed an opinion concurring in part and concurring in judgment but arguing that "the agency's failure to notify the claimants of an issue exhaustion requirement in this context is a sufficient basis for [the] decision." Id. at 113.

### III. Exhaustion of an Appointments Clause Challenge Before a Social Security ALJ

Courts in this and other circuits are divided on the issue of whether a litigant must exhaust an Appointments Clause challenge before a Social Security ALJ. See Montes, 2020 WL 6875301, at *5 (collecting cases). Five Circuit Courts of Appeal addressed the question in the past year, with the Third Circuit issuing the first decision in January 2020. See Cirko v. Comm'r, 948 F.3d 148 (3d Cir. Jan. 23, 2020). Relying upon Freytag, it held that the inquisitorial nature of the ALJ's SSA proceedings weighed against requiring claimants to exhaust an Appointments Clause challenge before the ALJ whose authority they were challenging. Id. at 153–56.

Next, the Tenth and Eighth Circuits reached the opposite result, holding that SSA claimants "waive Appointments Clause challenges that they failed to raise in their administrative proceedings." Carr v. Comm'r, 961 F.3d 1267, 1268 (10th Cir. 2020) (*certiorari* granted); accord Davis v. Saul, 963 F.3d 790 (8th Cir. 2020) (*certiorari* granted). The Sixth and Fourth Circuits joined in, agreeing with Cirko. See Ramsey v. Commissioner of Social Security, 973 F.3d 537 (6th Cir. 2020); Probst v. Saul, 980 F.3d 1015 (4th Cir. 2020). The Second Circuit Court of Appeals will address this question in Pichardo Suarez v. Berryhill, No. 20-1358 (2d Cir. Appellant's Reply Br. filed Dec. 4, 2020). The Supreme Court is expected to issue a decision on this question this term. See Carr v. Saul, No. 19-1442, 2020 WL 6551771 (Nov. 9, 2020), and Davis v. Saul, No. 20-105, 2020 WL 6551772 (Nov. 9, 2020).

### DISCUSSION

### I. Wooden Was Not Required to Exhaust His Constitutional Challenge

The Commissioner concedes that the ALJ was not properly appointed when she heard Wooden's case, although she issued her decision after her appointment was approved. See also Montes, 2020 WL 6875301, at *3 ("the SSA has confirmed that it would not dispute that ALJs

6

were not appointed properly under the Constitution prior to July 16, 2018"). Instead, the Commissioner argues that Wooden's challenge is untimely because it was raised for the first time before this Court, despite the issue being acknowledged by the agency before the ALJ issued her decision and the fact that Wooden was represented by counsel in his post-Lucia request for review from the Appeals Council. Relying on Freytag and Sims, Wooden argues that there is no exhaustion requirement to a challenge to an SSA ALJ's constitutional authority.

Although this issue will be decided by the Supreme Court in the coming months, I find the more persuasive analysis and firmer legal foundation to rest with the Plaintiff. Accordingly, Wooden may successfully raise his Appointments Clause challenge for the first time in this Court. I offer my reasoning only briefly in recognition that a higher authority will soon speak on the issue.

First, as the Commissioner has conceded in other contexts, no applicable statute or regulation requires exhaustion in SSA proceedings. See Cirko, 948 F.3d at 153; see also Sims, 530 U.S. at 113 ("[T]he regulations provide no notice that claimants must also raise specific issues before the Appeals Council to reserve them for review in federal court . . . . To the contrary, the relevant regulations and procedures indicate that issue exhaustion before the Appeals Council is *not* required.") (O'Connor, J., concurring) (emphasis in original). "[I]n cases in which no *statutory* issue exhaustion requirement exists, well-settled principles of administrative law may lead a court to impose a *mandatory*-though non-jurisdictional-issue exhaustion requirement." Zhong v. U.S. Dep't of Justice, 489 F.3d 126, 131 (2d Cir. 2007) (emphasis in original). The Court looks to the factors laid out in McCarthy v. Madigan, 503 U.S. 140, 146 (1992), to determine if it should impose an exhaustion requirement itself: (i) the nature of the claim presented; (ii) the characteristics of the administrative procedure; and (iii) balancing

the countervailing interests of the individual seeking judicial review and the agency seeking finality. See id. at 153–59.

I find that these factors weigh in favor of hearing Wooden's Appointments Clause challenge. First, the constitutional nature of the claim falls outside of the SSA's "special expertise" because the agency is tasked with deciding statutory and regulatory benefits—not adjudicating constitutional questions. See Cirko, 948 F.3d at 153 (finding that imposing an exhaustion requirement is "generally inappropriate where a claim serves to vindicate structural constitutional claims . . . which implicate both individual constitutional rights and the structural imperative of separation of powers." (citing Glidden Co. v. Zdanok, 370 U.S. 530, 536–37 (1962)). As discussed above, the Court in Freytag found that an Appointment's Clause challenge was "neither frivolous nor disingenuous. The alleged defect in the appointment [of the administrative judge] goes to the *validity* of the . . . proceeding." 501 U.S. at 879. Although Freytag dealt with a different agency and excused the petitioner's failure to exhaust, rather than holding that exhaustion was not required, I find the reasoning applicable here, and that the nature of the Appointments Clause claim weighs against imposing an exhaustion requirement.

Second, the characteristics of SSA proceedings do not favor exhaustion. Just as the Court in Sims found that the Appeals Council had no express exhaustion requirement, neither did the ALJ hearings. See 530 U.S. at 107. As Judge Broderick of this District has noted, "it would be anomalous to conclude that a claimant must exhaust all issues before the ALJ despite not having to do so before the Appeals Council. . . ." Filippo v. Saul, No. 18-cv-10156 (VSB), 2020 WL 5229681, at *6 n.6 (S.D.N.Y. Sept. 1, 2020) (quotation omitted). Furthermore, proceedings before the ALJ, like those before the Appeals Council, "are inquisitorial and driven by the agency rather than the claimant." Cirko, 948 F.3d at 156. Judge Freeman's recent robust analysis

of the competing reasoning and outcomes in the Third Circuit's Cirko and the Tenth Circuit's Carr decisions is highly persuasive on this point. See Montes v. Saul, No. 19-cv-03039 (DF), 2020 WL 6875301 (S.D.N.Y. Nov. 23, 2020). In explicit rejection of the Tenth Circuit's reasoning, she noted that "any attempt to analogize SSA hearings to normal adversarial litigation cannot be easily squared with well-settled precedent in this Circuit." Id. at 10. Accordingly, I find the plurality's reasoning in Sims to apply to ALJs in the same manner as to the Appeals Council, weighing against imposing an exhaustion requirement for Appointments Clause challenges.

Third, I find that Wooden's interests in having his Appointments Clause challenge heard far outweighs the Commissioner's interests. As the Cirko court noted, because the SSA's proceedings are inquisitorial, it is incumbent upon the ALJ to develop the claims both for and against the claimant—yet it is unlikely that the ALJ would "raise a *sua sponte* objection to his own appointment." Cirko, 948 F.3d at 156–57. Accordingly, "[r]equiring exhaustion . . . would upend this arrangement by forcing claimants—despite the informal, non-adversarial nature of the review process—to root out a constitutional claim even beyond the power of the agency to remedy, or alternatively risk forfeiture." Id. at 157.

In contrast, I find that the Commissioner's interests in having the Court defer to the SSA's agency expertise and giving the agency an opportunity to correct the error are not implicated. I note again that the SSA does not have expertise in adjudicating constitutional issues. Furthermore, any ALJ who found that that they were improperly appointed could not redress the issue. See Probst, 980 F.3d at 1021 ("At the time of [the claimants'] ALJ hearings, *every* SSA ALJ was equally constitutionally invalid. No individual ALJ could have opted to recuse him- or herself to resolve the issue.").

The Commissioner's brief repeats arguments disposed of by Cirko and other courts following its persuasive example. It also argues that this Court should decline to follow Cirko because "it is contrary to the weight of the authority." ECF No. 21 n.12. Indeed, when the Commissioner opposed Wooden's motion, the Cirko decision holding that agency exhaustion was not necessary stood alone against the decisions to the contrary by the Tenth Circuit in Carr and the Eighth Circuit in Davis. Yet, as noted above, the Sixth and Fourth Circuits have recently agreed with the Third Circuit, shifting the weight of persuasive authority in Wooden's favor. See Ramsey, 973 F.3d 537, and Probst, 980 F.3d 1015.

Accordingly, the Court finds that Wooden did not need to administratively exhaust his Appointments Clause challenge. Although not raised by either party, I note that it is irrelevant to the analysis that the ALJ was constitutionally appointed on July 16, 2018, *after* Wooden's hearing on April 20, 2018, but *before* issuing the decision on August 2, 2018. As other districts have noted, a claimant's interest in having a hearing before a properly appointed ALJ "squarely present[s] an Appointments Clause issue." Brown v. Saul, No. 19-cv-01590 (PLD), 2020 WL 6566221, at *4 (W.D. Pa. Nov. 9, 2020); see also Hendrickson v. Saul, No. 19-cv-1907, 2020 WL 7246971, at *6 (E.D. Wis. Dec. 8, 2020) ("even though the ALJ was [properly] appointed before the ALJ's decision was issued . . . remand is required, and the prescribed remedy is a new hearing before a different ALJ." (citing Lucia, 138 S. Ct. at 2055). Because the Commissioner concedes that the ALJ who heard Wooden's case was not properly appointed at the time of the hearing, I hold that remand is required before a different, properly appointed ALJ.

**II.     Wooden's Remaining Arguments**

Because the Court has found that the matter must be remanded for a new hearing before a properly appointed ALJ, Wooden's remaining arguments are not addressed. See, e.g., Filippo,

10

2020 WL 5229681, at *6 (forgoing remaining arguments where remand was ordered before a properly appointed ALJ).

## CONCLUSION

For the foregoing reasons, the Plaintiff's motion is GRANTED, and the Commissioner's motion is DENIED. The matter is REMANDED for additional proceedings in accordance with this Order and Opinion. Respectfully, the Clerk of Court if directed to terminate the motions at ECF Nos. 18 and 20, and to enter judgment in Plaintiff's favor, directing remand before a different ALJ who has been properly appointed under the Appointments Clause of the United States Constitution.

**SO ORDERED.**

SARAH NETBURN
United States Magistrate Judge

Dated: February 12, 2021
       New York, New York